Manly, J.
 

 The debt, for which this warrant was brought, was incurred in the purchase of certain slaves, which had belonged to the plaintiff prior to her marriage with one Williams, and which, Williams, after coverture, sold to the defendant. The slaves, at the time of the sale, were subject to
 
 *287
 
 the lien of Eli and Hugh Stewart, for debts due them by deed in trust, to one Draffin as trustee. The question is, whether, when the money fell due to Williams and wife, the application of it, by defendant, to pay off the encumbrance upon the slaves, was a payment of Williams’ debt, without proof of a request, or of an agreement to such application. It is a question not free from difficulty, but we have concluded it is good as a payment of defendant’s debt to Williams, upon the contract of purchase.
 

 An analogous principle is well established in relation to the rights of landlord and tenant. Where there is a separate ownership of the ground and house, the lessee, who finds a back ground rent due, for which he is liable by distress, may apply the money due to his landlord, to the payment of the ground rent, and consider it a payment made to his landlord. Several cases are found to support this principle, as
 
 Sapsford
 
 v. Fletcher, 4 T. R. 511;
 
 Taylor
 
 v. Zamira, 6 Taunt. R. 521;
 
 Carter
 
 v. Carter, 5 Bing. Rep. 406 ;
 
 Lampleigh
 
 v.
 
 Brath
 
 wait, 1 Smith’s Leading Cases, 67, and notes 70, et. seg.
 

 The principle upon which these cases rest is this : the immediate landlord is bound to protect his tenant from all paramount claims, and when, therefore, the tenant is compelled, in order to protect himself in the enjoyment of the land, in respect of which his rent is payable, to make payments, which ought, as between himself and his landlord, to have been made by the latter, he is considered as having been authorised by the landlord, so to apply his rent due or accruing due. There was precisely a similar constraint upon Simpson to protect himself in the enjoyment of the slaves, by relieving them from the lien of the trust, and his payment to that object, should receive a similar construction.
 

 Proof of express authority to make the application, is not necessary. It should be presumed from the circumstances. There is error, therefore, in the instructions to the j ury in this respect, and there must be a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.